IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| B&B GOLF CARTS, INC., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-CV-1051-NJR-RJD |
| GRC GOLF PRODUCTS, LLC, IRISH CAPITAL, LLC, GRC GOLF CARTS, RICHARD NIBLOCK, GARY NIBLOCK, and CHAD LEIBY, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion to Set Aside Default and Motion to Stay All Claims Against GRC Golf Products, LLC, and Irish Capital, LLC, filed by Defendants GRC Golf Carts, GRC Golf Products, LLC, and Irish Capital, LLC (Doc. 51). For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This case arises from agreements between Plaintiff B&B Golf Carts, Inc. ("B&B"), and GRC Golf Products, LLC ("GRC"), for the purchase of golf carts (Doc. 1, ¶¶ 12, 41). During 2016, B&B placed numerous orders for various types of golf carts from GRC. At the time the Complaint was filed, GRC still owed B&B 34 golf carts for which B&B had already paid (*Id.*, ¶ 38). Furthermore, 39 of the golf carts delivered to B&B had worn tires and wheels, which GRC had agreed to replace (*Id.*, ¶ 39). In sum, B&B alleges GRC owes it $108,950 for the golf carts, tires, and wheels (*Id.*, ¶ 40).

On September 19, 2016, B&B filed an 11-count Complaint stating a variety claims against Defendants GRC, Irish Capital, GRC Golf Carts, Richard Niblock, Gary Niblock, and Chad Leiby (Doc. 1). Defendants GRC and Irish Capital were served with the Complaint on December 6, 2016 (Docs. 16, 17), and their responsive pleadings were due December 27, 2016. Both entities failed to answer the Complaint or otherwise plead. On February 21, 2017, B&B moved for an order of default against GRC and Irish Capital (Docs. 41, 44). On February 22, 2017, the Clerk of Court entered default against GRC and Irish Capital pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 48).

On February 24, 2017, GRC and Irish Capital (herein, "Defendants") filed a motion to set aside default, as well as to stay all claims against GRC (Doc. 51). Defendants argue good cause exists to set aside the entry of default because the Complaint contains no claims against Irish Capital, LLC, and GRC is subject to the automatic bankruptcy stay provided by 11 U.S.C. § 362(a). Defendants assert that GRC is merely a "d/b/a" of GRC Investments, LLC, which filed for Chapter 7 bankruptcy on June 30, 2016.

## LEGAL STANDARD

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of IL,* 473 F.3d 799, 810 (7th Cir. 2007). "Rule 55(c) requires

'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case."). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, where relief under Rule 60(b) is more "limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

The Seventh Circuit Court of Appeals has repeatedly expressed a policy of favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631; *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). Thus, a default should "only be employed in extreme situations, or when less drastic sanctions have proven unavailing, or when a party willfully disregards the litigation." *Local No. 1118 Indiana Const. Trades Health and Welfare Trust Fund Painters v. Forsey Const. Inc.*, No. 3:11-CV-168, 2012 WL 12674, at *2 (N.D. Ind. Jan. 3, 2012) (citing *Sun*, 473 F.3d at 811)).

## Discussion

I. **Motion to Set Aside Entry of Default**

A. **Irish Capital, LLC**

Defendants argue that good cause exists to set aside the entry of default against Irish Capital because no claims have been asserted against that defendant. Defendants aver that Irish Capital is not named in the heading of any counts in the Complaint, and the only claim where it is even mentioned (Count X – Pierce the Corporate Veil) is

directed at the individual defendants, not at Irish Capital. In light of the lack of claims against it, as well as its prompt response to the entry of default, Irish Capital asks the Court to set aside the default and grant it leave to file a responsive pleading.

In response, B&B argues that Irish Capital has provided no reasoning whatsoever for failing to respond to the Complaint and, thus, it has not shown good cause. B&B also claims that it has stated two causes of action against Irish Capital: Count X – Piercing the Veil and Count XI – RICO. Thus, Irish Capital's defense of failure to state a claim based on the absence of claims against it cannot be meritorious.

Although Irish Capital has no "good excuse" for its inattention to the case, good cause exists for vacating the entry of default. B&B has not demonstrated that Irish Capital willfully disregarded the litigation; at most, its failure to file a responsive pleading can be attributed to mistake or inadvertence. *See Sun*, 473 F.3d at 811 (quoting *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("Although a district court has the default judgment 'readily available within its arsenal of sanctions,' it is a weapon of last resort, appropriate only when a party willfully disregards pending litigation."); *Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986) ("When willfulness is clearly apparent, the liberal attitude of vacating default judgments is sharply modified."); *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356 (S.D. Ill. 2002) (finding that although defendant made only a weak showing of good cause, he acted quickly and had a meritorious defense).

In *Bieganek*, the Seventh Circuit noted that in many cases resulting in default judgments, "the defaulted parties were given various chances and warned; but, when

they persisted in being unresponsive, they were then properly defaulted." *Bieganek*, 801 F.2d at 882. This is not a case where Irish Capital was warned repeatedly that its failure to respond would lead to default, yet it remained unresponsive. This was the first and only deadline missed by Defendant, who immediately moved to set aside the default once it was entered by the Clerk and attached a proposed responsive pleading, should the Court grant it leave to file.

Furthermore, Irish Capital has shown a meritorious defense to the Complaint. It asserts that no claims in the Complaint are directed toward it. Accordingly, Irish Capital argues, Plaintiff has failed to state a claim upon which relief can be granted. B&B disagrees and sets forth two counts where Irish Capital's liability apparently is at issue. This dispute further compels the Court to set aside default. *See id.* (holding that where "there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided"). Given the preference in this Circuit for trials on the merits over default judgment, the Court grants Irish Capital's motion to set aside the Clerk's entry of default.

### B. GRC Golf Products, LLC

Defendants also argue that the Court should set aside the entry of default against GRC because any claims against it should be subject to the automatic bankruptcy stay under 11 U.S.C. § 362(a). In response, B&B avers that GRC cannot satisfy all three elements required in order to vacate an entry of default. While Defendants promptly responded to the entry of default, B&B argues, they have shown no good cause for the

default and no meritorious defense to the complaint.

It is true that GRC took quick action to correct the default. As with Irish Capital, GRC filed a motion to set aside default just two days after default was entered. And, as with Irish Capital, there is no evidence that GRC willfully disregarded the litigation or was warned yet persisted in being unresponsive. Defendants also have presented a meritorious defense in claiming that GRC is subject to the automatic bankruptcy stay. If true, the lawsuit must be stayed as to GRC and, importantly, the entry of default would be void. *See Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001) ("Actions taken in violation of an automatic stay ordinarily are void."); *In re Halas*, 249 B.R. 182, 192 (Bankr. N.D. Ill. 2000) (default judgment was void when entered against entity protected by automatic stay).

While there may be no excuse for GRC's "inattention to the case," *Sims*, 475 F.3d at 868, the Court finds there is good cause for setting aside the entry of default. If GRC is entitled to the protections afforded by the automatic stay, the Court cannot then enter default judgment against it. The entry of default as to GRC shall be set aside.

**II.     Motion to Stay All Claims Against GRC Golf Products, LLC**

Defendants further ask the Court to invoke the automatic bankruptcy stay for all claims against GRC. Defendants argue that any claim against GRC is nothing more than an indirect attempt to collect on a claim against GRC Investments, LLC, the entity currently in bankruptcy.

Section 362(a) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding

against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a). The section is intended to protect the assets of the debtor for the benefit of creditors and is "not designed to afford collateral benefits to non-debtor parties involved in litigation with the debtor as party defendants or as co-defendants." *Lee v. RCN Corp.*, No. 03 C 5866, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20, 2004); *see also In re White*, 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009) ("Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as nondebtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties."). The Seventh Circuit recognizes two exceptions to this general rule. The first exception, known as the "identity of interest" exception, occurs where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). For example, courts have stayed proceedings against non-debtor defendants where the debtor has an absolute duty to indemnify the non-debtor. *Hamilton v. Am. Corrective Counseling Servs., Inc.*, No. 3:05-CV-434-RM, 2009 WL 973447, at *2 (N.D. Ind. Apr. 8, 2009). The second exception "operates where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." *Id.*

According to affidavits provided by Defendants Gary Niblock and Richard Niblock, GRC Golf Products, LLC, was created in anticipation of a planned restructuring

of GRC Investments, LLC, which filed for bankruptcy on June 30, 2016. (Docs. 52-2, 52-3). The planned restructuring fell through, however, and GRC became nothing more than an assumed business name of GRC Investments, LLC (*Id.*). The Niblocks further attest that GRC has never filed a tax return, titled a vehicle in its name, maintained a bank account in its name, or acted independently of GRC Investments, LLC. Essentially, the name "GRC Golf Products" was only used as a d/b/a for GRC Investments, LLC.[1] Therefore, Defendants argue, there is a clear identity of interest between GRC Investments, LLC, and GRC Golf Products, LLC, such that the automatic stay must be invoked to stay all claims against GRC in this case.

In response, B&B argues that GRC has not filed for bankruptcy itself and there is no evidence that GRC Investments, LLC, has agreed to indemnify GRC or that an adverse ruling against GRC Golf Products, LLC, would irreparably harm GRC Investments, LLC. Throughout the course of its business, B&B states that it dealt only with GRC. B&B "alleges and affirms that it never transacted business with GRC Investments, LLC."[2] (Doc. 57, p. 9-10).

The Court is not convinced that GRC and GRC Investments, LLC, are as separate as B&B would like them to be. A review of GRC Investments, LLC's bankruptcy case

---

[1] In fact, an Indiana court has stayed a lawsuit against GRC Golf Products, LLC, after GRC Golf Products, LLC, filed a memorandum arguing it is a d/b/a for GRC Investments, LLC. *See Saylors Golf Carts, Inc., v. GRC Golf Products, LLC*, Cause No. 20D02-1606-PL-00137 (Elkhart Sup. Ct. Nov. 16, 2016).

[2] On April 7, 2017, B&B filed a Motion to Supplement its response in opposition to Defendants' Motion to Set Aside the Entry of Default (Doc. 64), stating it had discovered a contract between GRC Golf Products, LLC, and the City of Goshen, Indiana, for the rental of golf carts. GRC contends this evidence proves the affidavits of Gary Niblock and Richard Niblock are false. In response, Defendants argue B&B has not shown any change in the law or facts, as required by Local Rule 7.1(c), to file supplemental briefing. Additionally, the contract at issue merely demonstrates that GRC Investments, Inc., *does business as* GRC Golf Products, Inc.—a fact that has never been in dispute. The Court agrees with Defendants; B&B's arguments are unpersuasive with regard to the motion to set aside default. Nevertheless, because the Motion to Supplement also contains arguments that are responsive to Defendants' pending motions to dismiss, the Motion to Supplement will be granted.

demonstrates that, not only is B&B listed as a creditor of GRC Investments, LLC, but the first page of the Amended Voluntary Petition for Bankruptcy states that GRC Investments, LLC, does business as "GRC Golf Products." *See In re GRC Investments, LLC*, Ch. 7 Case No. 16-31511 (Bankr. N.D. Ind. July 28, 2016). These facts, combined with the Niblocks's affidavits indicating GRC is nothing more than an assumed name for GRC Investments, LLC, make out a colorable claim under the "identity of interest" exception.

Nevertheless, courts in this Circuit routinely hold that a request to extend the automatic stay to a non-debtor defendant must be filed in the court where the bankruptcy action is pending, and further, that the request is to be filed by the debtor. *Id.* at *4; *see also Lee*, 2004 WL 2108577, at *1; *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); *In re Lennington*, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001); *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F.Supp.2d 1002, 1015 (N.D. Iowa 2001). Accordingly, Defendants' motion to stay proceedings against GRC Golf Products, LLC, is denied.

## Conclusion

For these reasons, the Motion to Set Aside Entry of Default Against "GRC Golf Products, LLC" and Irish Capital, LLC, and Motion to Stay All Claims Against "GRC Golf Products, LLC," (Doc. 51) is **GRANTED in part and DENIED in part**. It is **ORDERED** that the Entry of Default against Defendants GRC Golf Products, LLC, and Irish Capital, LLC, be set aside. Defendant Irish Capital, LLC, is **GRANTED** leave to file its responsive pleading within **14 days** of this Order. Furthermore, the Motion to Stay All Claims Against GRC Golf Products, LLC, is **DENIED**. Defendant GRC Golf Products,

LLC shall answer or otherwise plead within **14 days** of this Order. Finally, B&B's Motion to Supplement its response in opposition to Defendants' Motion to Set Aside the Entry of Default (Doc. 64) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: May 23, 2017

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**